# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE,
# WESTERN SECTION

_____

**RIVERFRONT DEVELOPMENT, INC.,**
As Managing Agent of Mud Island, and
On Behalf of THE CITY OF MEMPHIS,
Owner of Mud Island,

    Plaintiff,

v.                                                                                          No.: 2:16-cv-2553

**WEPFER MARINE, INC.,**

    Defendant.
_____

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
_____

**COMES NOW** the Plaintiff, Riverfront Development, Inc., and submits this Reply to the Response in Opposition to Plaintiff's Motion for Summary Judgment ("Response") filed by the Defendant, Wepfer Marine, Inc. ("Defendant").[1] Specifically, Plaintiff replies as follows:

Defendant has not rebutted Plaintiff's evidence on liability, causation or damages, making summary judgment appropriate on all aspects of Plaintiff's claims. First, Plaintiff the Affidavits of Capt. Jared LaFrance and Capt. John Sutton,[2] which were appended to Defendant's Response, are improper, inadmissible, and cannot create genuine issues of material fact. Second, Defendant did not rebut (1) the *Oregon* Rule presumption of its liability or (2) the *Pennsylvania* Rule presumption of causation of property damage.

---

[1] D.E. 56.
[2] D.E. 56-2 and 56-10.

Moreover, Defendant did not refute Mud Island's status as "special purpose property."

Finally, Defendant did not rebut the reasonableness of Plaintiff's proof concerning damages. Specifically, Defendant did not dispute either (1) the Luhr Bros. Inc. quotes to repair the land, or (2) the necessity of using the "**appropriate sediment material" of river sand and/or limestone** to restore Mud Island to its pre-injured condition.

### I. PLAINTIFF'S LOCAL RULE 56.1(e) OBJECTIONS TO DEFENDANT'S RULE 56 AFFIDAVITS OF CAPT. LAFRANCE AND CAPT. SUTTON

Plaintiff objects under Local Rule 56.1(e) to the Affidavits of Capt. LaFrance and Capt. Sutton because they violate the Amended Scheduling Order. The Amended Scheduling Order concluded fact discovery on June 2, 2017 and Defendant's Rule 26 expert disclosures on July 28, 2017. The October 24, 2017 Affidavit of Capt. LaFrance[3] and the **unsworn** October 20, 2017 Affidavit of Capt. Sutton violate the Amended Scheduling Order.

#### a. Defendant failed to produce Capt. LaFrance for a deposition prior to the close of fact discovery

Defendant failed to produce Capt. LaFrance for a deposition, despite Plaintiff's repeated requests, prior to the fact discovery and Plaintiff's Rule 26 report deadlines.

Prior to the Court's entry of the Amended Scheduling Order, Plaintiff requested multiple times to take Capt. LaFrance's deposition, beginning on February 22, 2017,[4] on February 24, 2017[5] and on February 28, 2017.[6] At that time, Plaintiff was attempting to

---

[3] The execution of Capt. LaFrance's Affidavit on October 24, 2017 occurred one day *after* the Defendant's original deadline to file a Response to Plaintiff's Motion for Summary Judgment. If counsel for Defendant had advised Plaintiff and the Court that the basis for his extension request was to secure the Affidavit of Capt. LaFrance, the Plaintiff would have **vehemently objected**.
[4] *See* Feb. 22, 2017 correspondence from Plaintiff's counsel to Defendant's counsel, attached hereto as "**Exhibit A**."
[5] *See* attached "**Exhibit B**."
[6] *See* attached "**Exhibit C**."

depose Capt. LaFrance prior to the expiration of the <u>original</u> March 15, 2017 deadline to disclose Plaintiff's Rule 26 experts.[7]  Defendant failed to produce Capt. LaFrance in response to any of these requests.

Thereafter, the Court scheduled a status conference for April 28, 2017[8] and entered the Amended Scheduling Order on May 3, 2017.[9]  At or around this time, the depositions of Capt. LaFrance and the three deckhands were scheduled to be taken on May 23, 2017.[10]  However, on May 18, 2017, Defense counsel directed his *secretary* to call Plaintiff's counsel to advise that Capt. LaFrance would not be present on May 23, 2017. She also relayed that Capt. LaFrance would not be available until July 4, 2017, *at the earliest*.

In response to the telephone call from Defense counsel's secretary, Plaintiff's counsel advised Defendant in writing that "[a]s a result [of Capt. LaFrance's unavailability until July 4, 2017], **we will proceed with the understanding that Capt. LaFrance will not be a witness at the trial in this cause**."[11]  Plaintiff's expert disclosure deadline was June 30, 2017.

Having failed to tender Capt. LaFrance for a deposition, Defendant now attempts to introduce his testimony via an Affidavit drafted by Defense counsel to directly rebut the factual proof in the record (and the opinions of Plaintiff's experts in reliance on that factual proof) in an effort to create a material issue of disputed fact.  The prejudice to the Plaintiff

---

[7] D.E. 13.
[8] At the April 28, 2017 status conference, the Court also addressed the Plaintiff's March 11, 2017 Motion to Compel (D.E. 27) the Defendant's long overdue responses to the Plaintiff's written discovery, as well as the Plaintiff's March 11, 2017 Motion to Amend the Scheduling Order (D.E. 28).
[9] D.E. 42.
[10] *See* May 8, 2017 correspondence, attached hereto as "**Exhibit D**."
[11] *See* May 18 correspondence, attached hereto as "**Exhibit E**." (emphasis added).

is palpable.[12]

### b. The Affidavit of Capt. Sutton is false on its face, and violates the Amended Scheduling Order deadline for Defendant's Rule 26 expert opinions

Capt. Sutton's Affidavit is false on its face, because it expressly declares that he reviewed the Affidavit of Capt. LaFrance. This cannot be true: Capt. Sutton signed his Affidavit on October 20, 2017, **four (4) days prior** to Capt. LaFrance's execution of his Affidavit on October 24, 2017. Consequently, Capt. Sutton could not have relied upon testimony that did not yet exist.

Additionally, although Capt. Sutton's statements are designated as an "Affidavit," they are **unsworn** to before a notary public and does not comply with 28 U.S.C.A. § 1746 concerning unsworn declarations under penalty of perjury. Capt. Sutton's untimely Affidavit also violates the July 28, 2017 Amended Scheduling Order deadline for Defendant's Rule 26 expert reports. In his July 27, 2017 expert report, Capt. Sutton readily admitted that Capt. LaFrance has not testified in this case. Nevertheless, Defendant attempts to make an end-run around this issue with Capt. Sutton's Affidavit.

### c. The exclusion of the Affidavits of Capt. LaFrance and Capt. Sutton is an appropriate sanction under Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(ii)

When a party fails to produce a requested witness in compliance with a Court Order, the exclusion of that witness from trial is an appropriate sanction. In pertinent part, Fed. R. Civ. P. 16(f) expressly provides as follows:

> **(f) Sanctions. (1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

---

[12] Plaintiff's expert opinions were developed on the factual record which did not include any testimony from Capt. LaFrance because Defendant refused to produce him for a deposition. To the extent Capt. LaFrance's Affidavit is allowed, each of Plaintiff's experts will necessarily need to file amended expert reports, and the dispositive motion practice will to start all over from the beginning. This wasteful outcome would only punish the Plaintiff for complying with the Court's Orders, while rewarding the Defendant for violating the same.

4

party or attorney:
> …
> (C) **fails to obey a scheduling or other pretrial order**.[13]

In relevant part, Fed. R. Civ. P. 37(b)(2)(A) provides the following:

> (b)(2)(A) *For Not Obeying a Discovery Order.* If a party…fails to obey an order or **permit discovery**…the court where the action is pending may issue further just orders. They pay including the following:
> …
> (ii) **prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence**;[14]

The obvious goal of Defendant's failure to produce Capt. LaFrance was to frustrate Plaintiff's right and ability to take this deposition. Therefore, the exclusion of Capt. LaFrance's testimony is an appropriate sanction. Similarly, Capt. Sutton's Affidavit should also be excluded.

## II. SUMMARY JUDGMENT IS PROPER ON THE ISSUES OF LIABILITY, CAUSATION AND DAMAGES

To oppose summary judgment, Defendant relies solely upon facts gleaned from the impermissible Affidavit of Capt. LaFrance, and then relies upon the LaFrance Affidavit to support **new and different** expert opinions of Capt. Sutton to create ostensible issues of fact. These objectionable Affidavits cannot create genuine issues of material fact.

Additionally, Defendant's argument that Mud Island is not "special purpose property" is wholly erroneous. Finally, Defendant has not refuted the reasonableness of (1) the Luhr Bros., Inc. quotes to repair Mud Island, or (2) the necessity of utilizing the "appropriate sediment material" of river sand and/or limestone to perform the repairs.

---

[13] (f)(1) emphasis in original and added; (C) emphasis added.
[14] (b)(2)(A) emphasis in original; (ii) emphasis added.

5

### a. Defendant's Affidavits cannot create genuine issues of material fact to rebut the presumptions of liability or causation of damage

Capt. Sutton's opinions, which rely upon Capt. LaFrance's inadmissible testimony, cannot rebut the federal maritime law presumptions.[15] Therefore, these Affidavits cannot be used to create issues of material fact or prevent summary judgment, and Plaintiff's proof remains unrebutted concerning Defendant's liability and the causation of injury to Mud Island.

For the purposes of briefly explaining how Defendant's conduct triggered the *Oregon* Rule presumption of liability[16] and the *Pennsylvania* Rule presumption of causation,[17] Plaintiff appends hereto the September 25, 2017 Rule 26 report prepared by its maritime expert, Capt. Gregory C. Daley.  Capt. Daley extensively explains how Capt. LaFrance violated the applicable Inland Rules of Navigation, triggering the *Oregon* Rule.[18]

In order to overcome the presumption of fault, the Defendant could (but did not) establish one of three conclusions: (1) the allision was actually the [sole] fault of the stationary object; (2) the moving vessel acted with reasonable care; or (3) the allision was the result of an inevitable accident.[19]  Through the Affidavits of Capt. LaFrance and Capt. Sutton, Defendant suggests that Capt. LaFrance "acted with reasonable care" and/or that the grounding of the M/V LUCY WEPFER "was the result of an inevitable accident." However, the improper Affidavits cannot rebut this presumption.

---

[15] "[I]nadmissible hearsay evidence cannot be considered on summary judgment." *DeBiasi v. Charter County of Wayne*, 537 F.Supp.2d 903, 911 (6th Cir. 2008), citing *Jacklyn v. Schering-Plough Healthcare Prod. Sales Corp.*, 176 F.3d 921, 927 (6th Cir.1999) (emphasis added).

[16] *The Oregon*, 158 U.S. 186 (1895).

[17] *The Pennsylvania*, 86 U.S. 125 (1873).

[18] Note: Defendant's Response appears to have confused the presumptions associated with the *Oregon* Rule and the *Pennsylvania* Rule. See D.E. 56, pg. 9-14. Contrary to the Defendant's presentation of these Supreme Court presumptions, the *Oregon* Rule presumes fault or liability, while the *Pennsylvania* Rule presumes causation.

[19] *City of Chicago v. M/V Morgan*, 375 F.3d 563, 574 (7th Cir. 2004).

Second, in order to rebut the *Pennsylvania* Rule presumption of causation, the Defendant was required to prove that "the violation **could not have been** the cause of the accident."[20]  Importantly, the Supreme Court and Sixth Circuit have held that "[n]avigation rules have been **strictly and literally construed**".[21] If the offensive Affidavits are excluded, the Defendant has submitted **no proof** to create a genuine issue of material fact, and the presumptions of fault and causation remain unrebutted.

### b. Mud Island is a "special purpose property," irrespective of the degree of "improvements" on or planned for the damage property

Defendant asserts Mud Island is not "special purpose property" because the "foot of Mud Island is unimproved"[22] and that Plaintiff has not offered proof that the damaged land is planned for improvement. These declarations are patently incorrect.

First, as a matter of fact in the record, the Plaintiff's president explicitly testified that there **are** plans to develop the damaged tip of Mud Island.[23]  Second, the law does not require planned "improvements" on damaged property to qualify the land as a "special purpose property." Rather, the land must simply be sufficiently unique that no feasible market exists for it.  Mud Island is indisputably a public property set aside for the citizens of Memphis,[24] and is thus a "special purpose property."

If Defendant's "improvement" requirement was the rule, then individuals could destroy public park land but remain exempt from paying damages if the particular park land was not "improved" to the Defendant's satisfaction.  Such a result is untenable and

---

[20] *Pearce v. United States*, 261 F.3d 643, 648 (6th Cir. 2001), citing *The Pennsylvania*, at 136 (emphasis added).
[21] *Reiss S.S. Co. v. U.S. Steel Corp., Pittsburgh S.S. Div.*, 374 F.2d 142, 147 (6th Cir. 1967), citing *Belden v. Chase*, 150 U.S. 674, 698 (1893) (emphasis added).
[22] D.E. 56, pg. 7.
[23] *See Depo. Benny Lendermon* (May 31, 2017), pg. 19:22-25 through 24:1-16 (attached hereto as "**Exhibit F**").
[24] *See Declaration of Douglas McGowen*, para. 5, 6 (attached hereto as "**Exhibit G**").

7

contrary to applicable law.

### c. Plaintiff is entitled to summary judgment on its unrefuted proof of damages for the cost of repairs using "appropriate sediment materials"

Luhr Bros., Inc. provided the only proof of damages in the record with its two (2) quotes for repairing the damage to Mud Island.[25] Defendant has not offered any evidence to refute the reasonableness of these two (2) quotes from Luhr Bros., Inc., nor has Defendant even alleged that the quotes or Luhr Bros., Inc.'s cost per cubic yard of work is not reasonable. Therefore, this evidence remains uncontradicted.

The only evidence Defendant presented, which tangentially touches upon the issue of damages, is whether the holes it negligently created will naturally fill-in with river bottom over an indeterminate period of time.[26] However, this proof does not rebut the most critical issue raised by Plaintiff's damages proof, which specifies the "**appropriate sediment material**" to restore the land to its "pre-injured condition."

Plaintiff's expert geomorphologist, Dr. Clinton S. Willson, expressly opined that "the **appropriate sediment material** (e.g., **river sand or limestone**) to fill in the holes will not be sufficiently delivered by the Mississippi River or the Wolf River to naturally fill in the holes due the location of the holes vis-à-vis the Mississippi River."[27] Dr. Willson explained why the use of "appropriate sediment material" (not simply river bottom dirt upon intermittent flooding of the River) is necessary in repairing Mud Island:

> [I]n order to create a **minimum stability sufficient** for development upon or near the holes created by the M/V LUCY WEPFER, human intervention will likely be necessary, **to appropriately fill the holes with the requisite limestone, sand, top soil and/or dirt, thereby returning the damaged**

---

[25] $422,000 and $544,000, respectively.
[26] Defendant's accretion expert, Dr. Charles Morris, provides **no** opinion as to the actual number of years, or decades, needed to restore the land to its pre-injured status.
[27] *Plaintiff's Rule 26 Expert Report of Clinton S. Willson*, Ph.D., pg. 2 of 3 (a copy of which is attached hereto as "**Exhibit H**").

8

**portion of Mud Island to its pre-injured condition**...[28]

Notably, although Defendant's accretion expert, Dr. Charles Morris, attempts to suggest that, "over time any depressions or holes the grounding caused will fill in naturally with sediment transported by the river,"[29] Dr. Morris does **not** rebut the reasonableness of Plaintiff's "appropriate sediment material" proof that actual **river sand and/or limestone** (*not* river bottom sediment) is necessary for returning the land to its pre-injured condition. Consequently, even if the holes were to fill completely "naturally with sediment transported by the river,"[30] Defendant has not proven that the additional river bottom would not need to be supplanted with the "appropriate sediment material" of river sand and/or limestone.

### III. PLAINTIFF'S RESPONSE TO DEFENDANT'S "PERTINENT FACTS WHICH WILL BE PROVED AT THE EVIDENTIARY HEARING"[31]

1. Denied. Defendant has not demonstrated the authenticity of its "Exhibit F" under Fed. R. Evid. 902(1) or (2). The document could be an official publication under Rule 902(5); however, this cannot be determined based on what the Defendant included in its "Exhibit F." None of Defendant's experts proffer opinions in reliance on "Exhibit F" or establishing its causal connection either to the case.

2. Denied. The incremental deposit of river bottom sediment "will not naturally replace (with the "appropriate sediment material") the holes, which were carved out of the land intentionally planned, dredged, and developed by the City of Memphis and its

---

[28] *See* **Exhibit H**: *Report of Dr. Willson*, pg. 2 of 3 (emphasis added).
[29] *Defendant's Rule 26 Expert Report of Charles D. Morris, Ph.D.*, pg. 3 of 3 (attached hereto as "**Exhibit I**").
[30] *See* **Exhibit I**: *Report of Dr. Morris*, pg. 3 of 3.
[31] There is no procedural basis under Fed. R. Civ. P. 56 for presenting "pertinent facts." However, Plaintiff responds to point out the infirmity in each of the facts alleged. (D.E. 56, pg. 4-7).

contractors."[32]

3. Admitted in part only. Mr. Reeder ultimately concluded that 12,000 cubic yards were dug out of Mud Island by the Defendant's negligent grounding.[33]

4. Admitted, for summary judgment purposes only, that Defendant accurately states the measurements of its expert, Ollar Surveying. Denied that the Ollar measurements are conclusive, or that the incremental deposit of river bottom sediment (other than the "appropriate sediment material") will restore the land to its pre-injured condition.[34]

5. Admitted only that Capt. LaFrance was the pilot of the M/V LUCY WEPFER. The remainder of the statements in paragraph 5 are denied. Capt. LaFrance's Affidavit violates the Amended Scheduling Order.

6. Denied. Capt. LaFrance's Affidavit violates the Amended Scheduling Order.

7. Admitted, that Capt. Sutton previously submitted a report. Denied as to all other facts or opinions. Capt. Sutton's Affidavit violates the Amended Scheduling Order.

## IV.    CONCLUSION

Defendant did not rebut Plaintiff's evidence on liability, causation or damages. Therefore, summary judgment is appropriate on all aspects of Plaintiff's claims.

---

[32] *See* Plaintiff's September 25, 2017 Rule 26 expert report of Clinton S. Willson, Ph.D., PE, pg. 1-2 (attached hereto as "**Exhibit H**").
[33] *See Depo. Jim Reeder* (May 24, 2017), pg. 15:11-25 through 16:1-14, 17:15-25 through 18:1-7, 39:19-25 through 52:1-2 (attached hereto as "**Exhibit J**").
[34] *See* **Exhibit H** and **Exhibit J**.

Respectfully submitted,

/s/ Robert L. J. Spence, Jr.
ROBERT L. J. SPENCE, JR. (BPR #12256)
ANDREW M. HORVATH (BPR #33862)
The Spence Law Firm, PLLC
80 Monroe Avenue
Garden Suite One
Memphis, Tennessee 38103
901-312-9160

J. MICHAEL FLETCHER (BPR #6954)
125 N. Main Street, Room 336
Memphis, Tennessee 38103
901-636-6614

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Clerk via the ECF System, which forwarded electronic notification of the filing to the following:

| | |
|---|---|
| Frank J. Dantone, Esq. | Larry Montgomery, Esq. |
| Henderson Dantone, P.A. | Glankler Brown |
| 241 Main Street | 6000 Poplar Ave., Suite 400 |
| P.O. Box 778 | Memphis, Tennessee 38119 |
| Greenville, MS 38702-0778 | |

this 7th day of November, 2017.                    /s/ Robert L. J. Spence, Jr.