# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE,
# WESTERN SECTION

---

**RIVERFRONT DEVELOPMENT, INC.,**
As Managing Agent of Mud Island, and
On Behalf of THE CITY OF MEMPHIS,
Owner of Mud Island, and
**THE CITY OF MEMPHIS,**

    Plaintiffs,

v.                                                                       No.: 2:16-cv-2553

**WEPFER MARINE, INC.,**

    Defendant.

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## (D.E. 174)

---

**COME NOW** the Plaintiffs, Riverfront Development, Inc. and the City of Memphis ("Plaintiffs"), by and through undersigned counsel of record, and respectfully file their Response to Defendant, Wepfer Marine, Inc.'s ("Defendant") Motion for Protective Order (D.E. 174) ("Motion"). Specifically, Plaintiffs respond as follows:

Defendant moves the Court for a Protective Order to prevent Plaintiffs from deposing Defendant's corporate representative(s) in aid of collecting on the judgment in this case. Defendant's Motion is without merit and should be denied.

First and foremost, as judgment-creditors, Plaintiffs are presently and legally entitled to pursue collection of their judgment against Defendant as the judgment-debtor. Defendant correctly acknowledged in its own Motion that the automatic stay on the

judgment expired on October 16, 2019,[1] and without an Order of the Court staying the judgment, Defendant simultaneously became legally obligated to pay the judgment as Plaintiffs became entitled to collect on the same.  The fact that Defendant filed a Motion for Stay (without obtaining or presenting a supersedeas bond) does not *ipso facto* extend the automatic stay beyond thirty (30) days after entry of the judgment without a Court Order pursuant to Fed. R. Civ. P. 62(b).  Defendant neither cites nor relies upon any legal basis or authority to suggest otherwise, as no such authority exists.  No harassment inheres in the Plaintiffs' collecting on their judgment, as this is a proper exercise of their vested legal rights.

     Second, Plaintiffs have expressed on multiple occasions that Defendant holds the keys to liberating itself from its current predicament, which is one of its own making. Defendant failed to procure and present **an actual supersedeas** bond to the Court, thereby prompting Plaintiffs' objections to Defendant's Motion for Stay.  Plaintiffs will have no need to pursue collection on the judgment if Defendant simply obtains and presents **an actual supersedeas bond** to the Court, at which time Plaintiffs shall withdraw any objection to a stay on executing the judgment as well as their Notice of Deposition. However, without the presentation of an actual supersedeas bond, the Court is being asked to stay the judgment on the apparent *promise* that Defendant will pay if the judgment is upheld.  The difference between an actual supersedeas bond and the promise to pay (which Defendant is asking the Court to authorize) is vastly different.

     Third, Defendant continually refers to a "Letter of Understanding" as a substitute means to circumventing the requirement of Rule 62(b).  In ostensible support for the

---

[1] D.E. 174, pg. ID #2481.

merits of a "Letter of Understanding," Defendant presented an affidavit, not from its insurance *carriers*, but from the president of Defendant's insurance *broker*.[2] Attached to the affidavit was a proposed letter, unsigned by anyone on behalf of the two insurance carriers (Starr Indemnity and AGCS), purporting to promise satisfaction of the judgment.[3] Plaintiffs cannot understand why Defendant's insurers will not secure a supersedeas bond if they are both sufficiently solvent and willing to pay on the judgment. As a result, Plaintiffs are vehemently opposed to Defendant's proffered alternative in lieu of a supersedeas bond.

In conclusion, no basis exists to grant Defendant a Protective Order against Plaintiffs' Notice of Deposition in aid of collecting on their judgment. Plaintiffs' judgment is legally valid and they have every right to attempt to collect it – now.

Once again, should Defendant present an actual supersedeas bond, Plaintiffs shall withdraw both their objections to a stay and their Notice of Deposition.

---

[2] D.E. 172-1.

[3] D.E. 172-2. Importantly, in addition to not being executed by anyone from Defendant's insurers, the letter attached does not identify its author, **nor does it confirm that Defendant's insurers waive any and all defenses (contractual or otherwise) to paying on Defendant's judgment**. Plaintiffs have no interest in becoming entangled in subsequent litigation with Defendant's insurers about whether they are legally obligated to pay the judgment.

        Respectfully submitted,

        <u>/s/ Robert L. J. Spence, Jr.</u>
        ROBERT L. J. SPENCE, JR. (BPR #12256)
        ANDREW M. HORVATH (BPR #33862)
        The Spence Law Firm, PLLC
        80 Monroe Avenue
        Garden Suite One
        Memphis, Tennessee 38103
        901-312-9160

        J. MICHAEL FLETCHER (BPR #6954)
        125 N. Main Street, Room 336
        Memphis, Tennessee 38103
        901-636-6614

        *Attorneys for Plaintiffs*

### **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Clerk via the ECF System, which forwarded electronic notification of the filing to the following:

Frank J. Dantone, Esq.
Henderson Dantone, P.A.
241 Main Street
P.O. Box 778
Greenville, MS 38702-0778

this 25th day of October, 2019.

        <u>/s/ Robert L. J. Spence, Jr.</u>

4